## The People of the State of Illinois, Appellee, v. Albert Guentner, Appellant.

### Gen. No. 5393.

BASTARDY—*when verdict not disturbed as against the evidence.* A verdict will not be set aside on review as against the evidence unless clearly and manifestly against its weight.

Bastardy proceeding. Appeal from the County Court of Carroll county; the Hon. J. D. TURNBAUGH, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed March 16, 1911.

RALPH E. EATON and C. W. MIDDLEKAUFF, for appellant.

FRANKLIN J. STRANSKY, for appellee.

Mr. JUSTICE DIBELL delivered the opinion of the court.

On November 14, 1909, Freda Walther, unmarried and just past eighteen years of age, gave birth to a child. In this bastardy proceeding a jury found that Albert Guentner was the father of the child and there was a judgment that he pay the sums fixed by statute

for its support, from which judgment he prosecutes this appeal.

Albert Guentner and his mother lived upon a farm about ten miles from the home of Freda Walther. His mother was old and very feeble. He was unmarried and about thirty-four years old. Freda was employed as a domestic in that family from the last of November or the first of December, 1908, till some time in June, 1909. Freda testified that Albert had intercourse with her in his home once during the first week of March, 1909, and again during the first days of April, 1909, each time in the evening and in the absence of his mother, who on those two occasions had gone to the home of her son Levi, several miles away, and that the child was begotten on the first of those occasions and that Albert was the father of the child. Albert denied that he ever had intercourse with the prosecutrix and denied that he was the father of her child. He and his mother each testified that she was not absent from home in March, but that she was absent and at the home of her son Levi, on April 3, shortly after the birth of a child in Levi's family. Levi testified that his mother was not at his house in March. Mrs. Guentner testified that she was absent from home twice in February and again that she was not absent from home in February. An effort was made by the defense to show that one or two young men, named, had been there to see Freda and had taken her riding during the time when the child might have been conceived, but Mrs. Guentner finally refused to say that such visits might not have been in December, 1908. Freda denied that these young men had visited her or taken her riding during January, February or March, 1909. The young men named testified, one of them that he did not go with her during January, February and March, 1909, and the other that he did not go with her after December 4, 1909. It was proved that the usual period of gestation of a human being is two hundred and eighty days, that this child was well de-

veloped when born and would not have been so well developed if begotten on April 3, 1909, and would not have been likely to live. There was evidence that some time after the birth of the child Albert said he had not enough money but was willing to settle, and other evidence that he did not so state. The evidence tended to show that Freda was exceeding ignorant of sexual matters.

We are not wholly satisfied with the rulings of the court upon the instructions, but we conclude that there is not therein sufficient warrant for disturbing the verdict. The child must have been begotten at about the time testified to by the prosecutrix. She and Albert were together constantly on the farm. The preponderance of the evidence is that during the time when the child could have been begotten she was not with the other young men named. The relations between Albert and Freda were friendly. About once a month he was in the habit of driving her to her father's home, about ten miles away, and back again, usually on Sunday. He did not deny her testimony that he was in the habit of teasing her and tickling her. Some man was the father of the child and all the circumstances point to Albert. If Mrs. Guentner was away from home twice in February, the first intercourse may have taken place during the last of those occasions, notwithstanding the testimony of the prosecutrix that it was during the first week of March. The trial judge who saw the witnesses, has approved the verdict and we do not feel warranted in disturbing it.

The judgment is therefore affirmed.

*Affirmed.*